# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| PATRICIA STRICKLAND and ANDRA STRICKLAND, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | No. 5:18-CV-3 (CAR) |
| DEUTSCHE BANK TRUST | : | |
| COMPANY AMERICAS, f/k/a | : | |
| BANKERS TRUST COMPANY, AS | : | |
| TRUSTEE FOR RESIDENTIAL ASSET | : | |
| SECURITIES CORP., HOME EQUITY | : | |
| MORTGAGE ASSET-BACKED PASS- | : | |
| THROUGH CERTIFICATE SERIES: | | |
| 2001-KS3; BARRETT DAFFIN | : | |
| FRAPPIER LEVINE & BLOCK, LLP; | : | |
| WELLS FARGO HOME MORTGAGE | : | |
| AND ALL JOHN AND JANE DOE | : | |
| ENTITIES; | | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON PLAINTIFFS' OBJECTION AND "NOTICE OF CLAIM" FOR JUDGE'S RULING OUTSIDE OF THE LAW AND MOTION FOR RULE 11 SANCTIONS

Before the Court are *pro se* Plaintiffs' (1) "Objection and 'Notice of Claim' for the Judge's Ruling Outside of the Law and in Clear Violation of the Defendants Rights to Due Process of Law and Equal Protection under the Law," which the Court hereby **CONSTRUES** as a Motion for Reconsideration and a Motion to Disqualify Judge [Doc. 15], and (2) Plaintiffs' "Motion for Sanction Pursuant to Rule 11 [Doc. 16]" As explained below, Plaintiffs' Motions [Docs. 15 and 16] are **DENIED**.

Motion for Reconsideration

Plaintiffs appear to seek reconsideration of the Court's ruling denying Plaintiffs' Motion for a Temporary Restraining Order to enjoin the scheduled foreclosure sale of their property on February 6, 2018. Plaintiffs, however, fail to provide any proper grounds for such relief. Reconsideration of a previous order is an extraordinary remedy and should be employed sparingly.[1] Reconsideration is justified when (1) there has been an intervening change in the law; (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice.[2]

Although Plaintiffs' *pro se* filings must be generously construed,[3] their Motion cannot "serve as a vehicle to relitigate old matters or present the case under a new legal theory ... [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."[4] Rather, a motion for reconsideration "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."[5] Plaintiffs have failed to satisfy

---

[1] *Region 8 Forest Servs. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805-06 (11th Cir. 1993).
[2] *Richards v. United States*, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).
[3] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[4] *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (internal quotation and citations omitted).
[5] *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

this high burden. Their allegations of the need to correct clear error of law and the need to prevent manifest injustice are merely conclusory statements. Plaintiffs' Motion is without merit, and reconsideration of the Court's previous ruling would be inappropriate.

Motion to Disqualify Judge

Plaintiffs also appear to seek to disqualify the undersigned. However, Plaintiffs' request is based on their disagreement with the undersigned's ruling denying their motion for temporary restraining order, which "almost never constitutes a valid basis for a bias or partiality motion."[6] No evidence exists showing any appearance of impropriety or bias; thus Plaintiffs' Motion must be denied.

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[7] The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process."[8] The test is whether a reasonable person with knowledge of all the facts would question the

---

[6] *Liteky v. United States*, 510 U.S. 540, 555 (1994).
[7] 28 U.S.C. § 455(a).
[8] *Davis v. Jones*, 506 F.3d 1325, 1332 n. 12 (11th Cir. 2007) (internal citations omitted).

judge's impartiality.[9]  Although any doubt "must be resolved in favor of recusal,"[10] "a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."[11]

To require recusal, a judge's bias "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."[12] "Ordinarily a judge's rulings in the same . . . case may not serve as the basis for a recusal motion."[13]  Adverse judicial rulings are generally "proper grounds for appeal, not for recusal."[14]  Moreover, "[a] judge's ordinary efforts at courtroom administration" also do not show bias.[15] "A judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."[16]  Plaintiffs' discontent in this case is clearly based on disagreement with the judicial rulings in this case, and absolutely no evidence of pervasive bias exists.

Motion for Rule 11 Sanctions

Plaintiffs also seek to have this Court impose Rule 11 sanctions on the defense attorneys in this case for failing "to review relevant documents in the public record,"

---

[9] *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009).
[10] *See Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).
[11] *U.S. v. Greenbough*, 782 F.2d 1556, 1558 (11th Cir. 1986).
[12] *Jaffe v. Grant*, 793 F.2d 1182, 1188-89 (11th Cir. 1986).
[13] *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).
[14] *In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008).
[15] *Liteky*, 510 U.S. at 556.
[16] *United States v. Malmsberry*, 222 F. Supp. 2d 1345 (M.D. Fla. 2002) (citation omitted).

4

failing "to file the original contract with the court," and failing "to conduct any discovery of his own into the alleged debt allegations."[17] Under Rule 11 of the Federal Rules of Civil Procedure, there are three types of conduct that warrant sanctions: "(1) [w]hen a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose."[18] Plaintiffs' request is clearly without merit, as they wholly fail to show defense counsel has engaged in any such conduct.

The Court informs Plaintiffs that "[p]ro se litigants are not immune from Rule 11 sanctions."[19] "That [their] filings are pro se offers [plaintiffs] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[20] These Motions Plaintiffs have filed are objectively groundless. "Rule 11 sanctions of a change in the are designed to discourage dilatory or abusive tactics and help streamline the litigation

---

[17] [Doc. 16, p. 5].
[18] *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.
[19] *Dean v. ARA Envtl. Serv.*, 124 F.R.D. 224, 227 (N.D. Ga. 1988).
[20] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

process by lessening frivolous claims or defenses."[21] Plaintiffs are hereby warned that filing meritless and abusive motions to delay this case may result in sanctions.

## CONCLUSION

In accordance with the foregoing, Plaintiffs' construed Motion for Reconsideration and Motion to Disqualify Judge [Doc. 15] and their Motion for Rule 11 Sanctions [Doc. 16] are hereby **DENIED**.

**SO ORDERED,** this 5th day of February, 2018.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[21] *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993 (citations omitted).