IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PATRICIA STRICKLAND and ANDRA STRICKLAND, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACTION No. 5:18-CV-3 (TES) |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, f/k/a BANKERS TRUST COMPANY, AS TRUSTEE FOR RESIDENTIAL ASSET SECURITIES CORP., HOME EQUITY MORTGAGE ASSET-BACKED PASS- THROUGH CERTIFICATE SERIES 2001-KS3; BARRETT DAFFIN FRAPPIER LEVINE & BLOCK, LLP; WELLS FARGO HOME MORTGAGE AND ALL JOHN AND JANE DOE ENTITIES; | : : : : : : : : : : : : | |
| Defendants. | : | |

## ORDER ON MOTION TO VACATE JUDGMENT

Before the Court is *pro se* Plaintiff Patricia Strickland's Motion to Vacate and Set Aside the May 24, 2018 Judgment dismissing this case. Having considered the Motion, the Response thereto, and the applicable law, the Court **DENIES** Plaintiff's Motion [Doc. 34].

Federal Rule of Civil Procedure 60 provides that a court may relieve a party from a final judgment or order for the following six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment."[1] Relief under the catch-all provision of Rule 60(b)(6) "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances."[2] "Moreover, "[a] motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."[3]

Here, Plaintiff articulates no facts that warrant relief under Rule 60(b)(1) through (5), nor does she make a showing of such extraordinary circumstances that might justify relief under Rule 60(b)(6). On the contrary, Plaintiff continues to assert arguments this Court has considered and rejected regarding the validity of the Promissory Note and Security Deed.[4] In previous Orders, this Court has detailed the reasons why Plaintiffs wholly failed to state any cognizable claim for relief, and the Court has chronicled the long line of judicial proceedings initiated by Plaintiffs to forestall the lawful foreclosure and sale of a house due to their default under the Security Deed and Promissory Note almost eight years ago. Plaintiff cannot use Rule 60(b) as a vehicle to reargue the merits of her claims,[5] and the

---

[1] Fed. R. Civ. P. 60(b).
[2] *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1193) (internal quotation marks and citation omitted).
[3] *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (citation omitted).
[4] Plaintiff also asserts that the District Court Judge previously assigned to this case was biased and "violated his oath to [sic] office." [Doc. 34, p. 2]. Such allegations are unfounded and wholly frivolous.
[5] *See Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004), *aff'd on other grounds sub nom., Gonzalez v. Crosby*, 545 U.S. 524 (2005) ("Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case.").

2

assertions she presents in her Motion fail to provide the Court with any reason to reconsider its previous decision on these issues. This Motion appears to be yet another frivolous and meritless attempt to forestall a lawful eviction and/or the lawful sale of a house that Plaintiffs have occupied, rent free, for years.

Plaintiff Patricia Strickland has a history of filing frivolous and meritless cases and motions attempting to forestall the lawful proceedings Defendants must initiate to obtain the property due to Plaintiffs' failure to pay the mortgage. These filings are a misuse of the Court's resources. While *pro se* plaintiffs are held to a more lenient standard than formally trained lawyers, this liberal construction does not permit litigants to flagrantly disregard the Federal Rules of Civil Procedure.[6] Plaintiff has historically employed abusive practices in this Court, and the Court will not tolerate such practices in this case. If Plaintiff disagreed with the Court's ruling, her avenue for redress was to appeal this Court's Order to the Eleventh Circuit. Plaintiff is warned that future frivolous filings in this case attempting to forestall Defendants' lawful possession of the property may result in the imposition of sanctions against her.

Based on the foregoing, Plaintiff's Motion to Vacate [Doc. 34] is **DENIED**.

**SO ORDERED,** this 13th day of November 2018.

                                                  S/ Tilman E. Self, III
                                                  TILMAN E. SELF, III, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[6] *See Giles v. Wal-Mart Distrib. Ctr.*, 359 F. App'x 91, 93 (11th Cir. 2008).